DECISION
Plaintiffs have appealed the value of certain real property identified in the assessor's records as Account 504.00. The tax year at issue is 2007-08. Plaintiffs appeared pro se through Gary Lee (Lee) and Robert Zeulner (Zeulner). Defendant appeared through Adam Colby (Colby), a county appraiser, and Bob Main, assessor.
 I. STATEMENT OF FACTS
A. General Property Overview
The subject property is a 0.4 acre lot that was originally improved with a home that was removed by the previous owner(s). Plaintiffs bought the property in May 2004, with no home on it. Sometime after their acquisition, Plaintiffs extended water and electricity to five separate locations (from the original single location where the house had been located), added at least one concrete "patio" slab, and a carport. Those improvements were made so that Plaintiffs could camp on the property, mostly with their recreational vehicles (RVs). Defendant characterizes the property after those modifications as a "campground," or at least a piece of property with five "campsites." There is a separately owned adjoining property with seven "campsites." *Page 2 
B. Prior Year Values and Clerical Error Correction
Plaintiffs property tax statement for the 2006-07 tax year reflected a real market value (RMV) of $64,412 (all of which was allocated to the land), and a maximum assessed value (MAV) and assessed value (AV) of $24,379. Unbeknownst to Plaintiffs, Defendant initially assigned all the improvement value for the 12 campsites (Plaintiffs' five sites plus the neighbor's seven sites) to the adjoining neighbor's property tax account for the 2006-07 tax year. The owner of that property complained to the assessor and, upon inspection, Defendant determined that the value associated with Plaintiffs' five "campsites" (including the concrete slab and carport) belonged on Plaintiffs' account rather than the neighbor's account.
In May 2007, Defendant made a clerical error correction to Plaintiffs' property for the 2006-07 tax year, as provided in ORS 311.205, [1]
shifting a portion of the campsite improvement values to Plaintiffs' account as "exception" value.[2] That correction increased Plaintiffs' 2006-07 real market value (RMV) from $64,412 to $180,540, with land RMV increased to $133,382 (an increase of $68,970) and improvement RMV from $0 to $47,158. A portion of the value added for the campsites was added to the land (rock, excavation, water and electricity) and a portion (carport, concrete, and electrical boxes) as structures (also referred to as "improvements"). The MAV increased by $68,350, [3] to $92,729. (Def's Answer, Encl 6.) Because that number was less than the property's RMV, Plaintiffs' 2006-07 AV was adjusted upwards from $24,379 to *Page 3 
$92,729. (Def's Answer, Encl 4.) That increase, in turn, significantly increased Plaintiffs' property taxes.
Plaintiffs contacted the assessor's office to inquire about the correction, and ultimately appealed that correction to the Oregon Department of Revenue (department). (Def's Answer, Encl 5.) In their petition to the department, Plaintiffs asserted that the property should be reclassified from 707 (apparently applicable to commercial property developed for an RV park) to 101 (residential). Id. at 3. That appeal resulted in a stipulated agreement between Plaintiffs and Defendant, generating an Opinion and Order by the department changing the property class, and reducing the MAV (and AV) from $92,729 to $78,008. RMV remained unchanged at $180,540. (Def's Answer at 3). The parties executed their written agreement in October 2007, with Colby signing the agreement on behalf of the county on October 11, 2007, and Lee signing on behalf of Plaintiffs on October 23, 2007. The department's Opinion and Order officially authorizing the parties' agreed-upon correction was issued on November 2, 2007. (Def's Answer, Encl 1.)
C. Tax Year 2007-08
Meanwhile, in October 2007, Plaintiffs received their tax statement for the 2007-08 tax year. For the 2007-08 tax year, Defendant increased Plaintiffs' RMV slightly to $184,224, with $48,120 allocated to the improvements, and the balance of $136,104 to the land. (Ptfs' Compl at 3.) AV was increased three percent over the prior year's stipulated value of $78,008, to $80,348. (Id.) Plaintiffs appealed those values to the county board of property tax appeals (board) and, based on Defendant's recommendation, the board reduced the RMV for the structures (carport, concrete, etc.) to $9,000 (down from $48,120), resulting in a total RMV of $145,104. (Id.) The AV remained unchanged at $80,348. (Id.) *Page 4 
On March 31, 2008, Plaintiffs appealed the board's order to this court. In their Complaint, Plaintiffs requested that the RMV, MAV, and AV be reduced to 103 percent of the "2006 levels." (Plaintiffs' Complaint at 2.) Plaintiffs explained during the May 12, 2008, court hearing that the 2006 "levels" to which they were referring, are the values originally appearing on their tax statement for the 2006-07 tax year, values set prior to the clerical error correction and subsequent stipulated agreement memorialized in the department's November 2007 Opinion and Order. Plaintiffs' request translates to asserted values of $66,344 for RMV, and $25,110 for AV. Plaintiffs do not believe that there should be any adjustment to MAV for "exception value" because the board reduced the improvement RMV to $9,000, which is below the $10,000 statutory threshold for increasing MAV above the typical three percent annual statutory limit provided in ORS 308.149(6) (providing for a $10,000 threshold). See also ORS 308.146 (providing for the "typical" three percent increase). Finally, Plaintiffs insist that they did not agree to the stipulated values reflected in the department's opinion and order for the 2006-07 tax year.
 II. ANALYSIS
There are three issues in this case:
1) Can Plaintiffs challenge the stipulated values for the 2006-07 tax year?
2) Are Plaintiffs entitled to a limited, three percent increase in the value of their property over the prior tax year based on the values appearing on their property tax statement?
3) Did Defendant erroneously add exception value for the 2007-08 tax year? The short answer to all three questions is "no."
A. Appealing Stipulated Values
In order for Plaintiffs to receive the relief they are requesting, they would need to be able to challenge the values they agreed to as part of their tax year 2006-07 appeal to the department. *Page 5 
That cannot be done because once the parties agree to a property's values and those values are ordered changed by the department, by the issuance of an Opinion and Order, neither side may appeal that decision. Additionally, Plaintiffs are not appealing the 2006-07 tax year and those values are, therefore, not even properly before the court.
B. Limits to Annual Value Increases
Plaintiffs insist that their tax year 2007-08 values, both RMV and AV, should only be increased three percent over the values that appeared on the tax year 2006-07 property tax statement they received in October 2006. The court disagrees for several reasons.
First, Plaintiffs original tax year 2006-07 values were modified by the subsequent clerical error correction, which increased the value of Plaintiffs' property in recognition of the improvements made to the land that enabled Plaintiffs to camp on their property, using either RVs or tents, with access to water and electrical service, a carport, and the availability of a concrete slab (patio), all of which are reached by gravel roads Plaintiffs installed. The values stemming from the May 2007 clerical error correction were reduced pursuant to the parties' stipulated agreement reached in connection with Plaintiffs' appeal to the department, but the resulting values were significantly higher than the values originally appearing on Plaintiffs' 2006-07 property tax statement they received in October 2006. The final stipulated values superseded the original tax statement values. As stated above, Plaintiffs cannot appeal their stipulated agreement, and, if they could, that year is not properly before the court because Plaintiffs only appealed the 2007-08 tax year.
Second, Plaintiffs' request is at odds with the law. Plaintiffs loosely understand Measure 50 to limit the annual increase in "value" to three percent. The percentage limitation, found both in Oregon's constitution and statutes, does not apply to RMV, but rather only to *Page 6 
MAV. Specifically, ORS 308.146(1) provides that the annual increase in MAV is limited to the greater of "103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year." See also Or Const, Art XI, § 11(1) (the constitutional amendment brought about by Measure 50, which limits the annual increase in MAV to no more than three percent). Thus, notwithstanding the clerical error correction, RMV is not subject to the Measure 50 annual three percent value increase limitation. As for MAV and AV, Plaintiffs received the benefits of Measure 50 because their tax year 2007-08 MAV and AV increased only three percent over the final stipulated values ordered by the department for the prior year (2006-07). Plaintiffs' adjusted tax year 2006-07 MAV was $78,008 and their 2007-08 tax year MAV is $80,348, an increase of three percent. Because Plaintiffs' 2007-08 MAV is less than their RMV, their AV is the same as their MAV — $80,348 — as required by ORS 308.146(2) (providing that AV is the lesser of MAV or RMV).
RMV is not subject to any set limitations in annual increases, but rather moves with the market. RMV is defined by statute as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205(1). The assessment date for the 2007-08 tax year was January 1, 2007, as provided in ORS 308.007, and the RMV for tax year 2007-08 has nothing to do with the market value of the property for the prior tax year. Market value is market value. There is no three percent limit over the prior year's RMV. Plaintiffs do not purport to have evidence of a lower market value, but instead believe that their RMV should simply be indexed upwards three percent over the prior year (2006-07). As stated above, that belief is at odds with the law. *Page 7 
As a practical matter, if the court were to grant Plaintiffs' request for a limited three percent increase in their 2007-08 values by increasing the 2006-07 values as they appeared on Plaintiffs' tax statement, Plaintiffs would not be paying taxes on the increase in value stemming from the changes they made to the property in creating the campsites, because the original values appearing on the 2006-07 tax statement did not include those improvements.
C. Tax Year 2007-08 Exception Value
Plaintiffs are correct in their assertion that there should be no exception value for the year under appeal (tax year 2007-08), but not for the reasons they contend. Plaintiffs argued that the board's reduction to the RMV of the "structures" to $9,000 results in an exception value below the $10,000 statutory threshold for adjusting MAV over the typical three percent annual increase discussed above. That $10,000 threshold is found in ORS 308.149(6). However, Defendant did not add any exception value for the 2007-08 tax year. Rather, the exception value was added to the 2006-07 tax year by way of the clerical error correction made in May 2007. That prior year exception value, as modified by the department's Opinion and Order, was built into the final prior year (2006-07) overall MAV and carried forward to the tax year 2007-08 MAV, properly indexed three percent as provided in ORS308.146(1), and discussed above. Because there is no exception value,per se, added to the 2007-08 MAV and AV, the $10,000 value threshold found in ORS 308.149(6) is inapplicable.
This court has previously stated that "each tax year stands on its own." Johnson v. Department of Revenue, TC No 3334, WL 282674 *2 (July 13, 1993). That rule is a guiding principle applicable to all aspects of the present dispute. Plaintiffs' unhappiness with their values and property taxes for the 2007-08 tax year are product of their agreement with the county for the 2006-07 tax year. Unfortunately, this case highlights the difficulties unrepresented taxpayers *Page 8 
encounter when they come to court armed with limited understanding of Oregon's complicated property tax system and refuse to avail themselves of the explanations given by the assessor's office and available both in print form (on forms developed by the department) and on various Internet web sites (including those of the department and the Tax Court).
 III. CONCLUSION
For the reasons stated above, Plaintiffs' appeal is denied as contrary to law and reason. First, Plaintiffs did not, and cannot, challenge their stipulated prior year (2006-07) property values. Second, the Measure 50 limit to the amount by which property values can increase over the prior year applies to MAV but not RMV. Third, Plaintiffs received the benefits of Measure 50 for the 2007-08 tax year (applied to their stipulated tax year 2006-07 values) as provided by law. Fourth, the $10,000 value threshold for adjusting MAV above the typical Measure 50 limit of three percent is inapplicable because Defendant did not add exception value to the 2007-08 tax year, which is the year Plaintiffs have appealed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal seeking a mechanical adjustment to their 2007-08 RMV, MAV, and AV, is denied.
Dated this ___ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailingto: 1163 State Street,Salem, OR 97301-2563; or by hand deliveryto: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 30, 2008.The Court filed and entered this document on May 30, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] "Exception value" is the value added to the MAV (and typically the RMV and AV) stemming from new property or new improvements to property that increases the MAV above the typical Measure 50 annual three percent increase. ORS 308.153.
[3] The $68,350 increase was exception MAV, which was the result of multiplying the exception RMV (market value of new improvements to the property) by the ratio of average MAV over RMV. *Page 1